UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:18-cr-26-DJH |
| JUVON FOSTER, | Defendant. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Juvon Foster has moved the Court to dismiss the Indictment against him. (Docket No. 36) Foster contends that the relevant statute is ambiguous as to whether the remaining charged offense is a substantive offense and that the ambiguity should be resolved in his favor. (*Id.*) The United States maintains that the statutory language unambiguously creates a substantive offense. (D.N. 40) Having carefully considered the parties' oral argument and briefing on this issue, the Court will deny Foster's motion to dismiss.

## I. BACKGROUND

Foster was originally charged with two counts: theft of a firearm under 18 U.S.C. § 924(l) (Count I) and possession of a firearm by a prohibited person under §§ 922(g)(1) and 924(a)(2) (Count II). (D.N. 1, PageID # 5) The government filed a motion in limine to prevent Foster from arguing that he was not a convicted felon at the time of his alleged possession of the firearm. (D.N. 24) After discussion with the Court and defense counsel, the government determined that it was appropriate to dismiss the felon-in-possession charge, and the Court granted the United States' motion to dismiss Count II. (D.N. 34; D.N. 41) The remaining count is the subject of Foster's motion to dismiss. (D.N. 36)

1

## II. STANDARD

Though Foster cites no rule in support of his motion to dismiss, the Court construes the motion as one made pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Under that rule, a criminal defendant may move to dismiss an indictment that "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (alteration in original) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Here, Foster argues that § 924(l) is merely a penalty enhancement and thus does not set forth the elements of any offense. (D.N. 39, PageID # 93)

## III. ANALYSIS

Foster's principal argument is that 18 U.S.C. § 924(l) is so ambiguous as to require the Court to apply the rule of lenity. (D.N. 39, PageID # 91-97) Under that rule, the Court must resolve any ambiguity in a criminal statute in favor of the defendant. *United States v. Santos*, 553 U.S. 507, 513 (2008). The rule of lenity embodies "the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain." *Id.* However, "[t]he simple existence of some statutory ambiguity . . . is not sufficient to warrant application of th[e] rule, for most statutes are ambiguous to some degree." *Muscarello v. United*

*States*, 524 U.S. 125, 138 (1998); *see also Smith v. United States*, 508 U.S. 223, 239 (1993) ("The mere possibility of articulating a narrower construction . . . does not by itself make the rule of lenity applicable."). Rather, "[t]o invoke the rule, [the Court] must conclude that there is a grievous ambiguity or uncertainty in the statute." *Muscarello*, 524 U.S. at 138–39 (citation omitted). The rule thus applies only when there is such grievous ambiguity that after considering all available sources, "the Court must simply guess as to what Congress intended." *United States v. Morales*, 687 F.3d 697, 701 (2012) (quoting *Barber v. Thomas*, 560 U.S. 474, 488 (2010)). The Sixth Circuit has referred to the rule of lenity as "a tiebreaker of last resort." *Id.* (quoting *United States v. Canal Barge Co.*, 631 F.3d 347, 353 (6th Cir. 2011)).

When interpreting a statute, the Court "looks 'first and foremost' to the text of the statute." *United States v. Ables*, 167 F.3d 1021, 1028 (6th Cir. 1999) (quoting *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)). Section 924(l) reads: "A person who steals any firearm which is moving as, or is a part of, or which has moved in, interstate or foreign commerce shall be imprisoned for not more than 10 years, fined under this title, or both." According to Foster, § 924(l) "is ambiguous as to whether it is stating an offense," and the Court should resolve this doubt in his favor. (*Id.*, PageID # 91) The Court disagrees.

Foster first points to the title of § 924—"Penalties"—as evidence that § 924(l) is merely a penalty enhancement to be applied in conjunction with another federal offense. (D.N. 36, PageID # 86-87; D.N. 39, PageID # 92) The title of a statutory section "cannot limit the plain meaning of the text," however. *United States v. Michael*, 882 F.3d 624, 629 (6th Cir. 2018) (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 529 (1947)). The Court thus gives it little weight.

3

Foster next asserts that "[e]ach of the subsections in § 924, other than (l), requires the commission of an offense to trigger the § 924 penalty" (D.N. 39, PageID # 92), and he concludes that "§ 924 is a penalties section only and requires a violation of an additional and otherwise detailed statute." (*Id.*, PageID # 93) Although most § 924 provisions do refer to other statutory offenses, the fact that some do not undercuts Foster's argument. *See, e.g.*, 18 U.S.C. §§ 924(b), (g)(3), (m). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acted intentionally and purposely in the disparate inclusion or exclusion." *United States v. Satterwhite*, 893 F.3d 352, 358 (6th Cir. 2018) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). The Court thus presumes that Congress acted intentionally when it omitted an associated offense from some § 924 sections: if Congress had intended every provision in § 924 to be a penalty enhancement for a particular statutory offense, it could have included a reference to such an offense with every provision.

This conclusion is bolstered by another subsection of the same statute: § 924(m). While Foster characterizes § 924(l) as "stand[ing] alone in not requiring a violation of any other criminal statute" (D.N. 39, PageID # 93), § 924(m) is similar. It reads: "A person who steals any firearm from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall be fined under this title, imprisoned not more than 10 years, or both." Both § 924(l) and § 924(m) include "steals any firearm" as the criminal conduct; both include the same penalty of "fined under this title, imprisoned not more than 10 years, or both"; and neither contains any reference to § 922 or any other statute.[1]

---

[1] Foster notes that § 924(m) is identical to § 922(u) (D.N. 39, PageID # 93), but again, the Court presumes that Congress would have included an explicit statutory reference had it intended to limit the subsection's application. *See Satterwhite*, 893 F.3d at 358.

4

In light of these similarities, it is noteworthy that the Sixth Circuit has affirmed convictions under § 924(m), including as a standalone offense. *See, e.g.*, *United States v. McCarty*, 645 F. App'x 367, 367 (6th Cir. 2016) ("Xavier Velvie McCarty appeals the sentence imposed after he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and theft of firearms from a licensed dealer, in violation of 18 U.S.C. § 924(m)."); *United States v. Sweet*, 776 F.3d 447, 448 (6th Cir. 2015) ("Sweet and Cook each pled guilty to two counts of theft of firearms from a licensed dealer, in violation of 18 U.S.C. § 924(m)."). The Court likewise finds it significant that at least one circuit court of appeals has considered and upheld convictions under § 924(l). *See, e.g.*, *United States v. Warner*, 820 F.3d 678, 680 (4th Cir. 2016) ("[A] federal grand jury returned an indictment against Warner, charging him with stealing a firearm that had moved in interstate commerce and aiding and abetting the same, in violation of 18 U.S.C. §[] 924(l) . . . ."); *United States v. Harrison*, 568 F. App'x 236 (4th Cir. 2014) (affirming a 24-month sentence for a conviction under § 924(l) only). Moreover, the United States Sentencing Guidelines clearly contemplate that both § 924(l) and § 924(m) will be treated as substantive offenses. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A) (referring to 18 U.S.C. §§ 924(l) and (m) as "offenses involving a stolen firearm or stolen ammunition").

Moving beyond the text of the statute, Foster argues that if the statutory language "is not unambiguous on its face, a court looks to the legislative history and the statutory scheme." (D.N. 39, PageID # 94) While it is true that the Court should consider the legislative history to interpret an ambiguous statute, the Court does not find § 924(l) to have the requisite ambiguity. *See In re Danny's Markets, Inc.*, 266 F.3d 523, 525 (6th Cir. 2001) (quoting *United States v. Markwood*, 48 F.3d 969, 975 n.7 (6th Cir. 1995)). In any event, Foster admits that "there is very little legislative history pertaining to § 924(l)," as Congress included no commentary when it added the text of

5

§ 924(l) to the Code. (D.N. 39, PageID # 94) The legislative history would thus add little to the Court's analysis even if it were properly considered.

In sum, the Court finds the rule of lenity inapplicable here. The text of § 924(l) informs any reader that stealing a firearm that is traveling or has traveled in interstate commerce is punishable by ten years in prison, a fine, or both. Nothing in the language of the statute, its context, or its legislative history creates "grievous ambiguity or uncertainty" as to whether this is a substantive offense. *Muscarello*, 524 U.S. at 139.

Foster presents several arguments that are based not on the statute's text, but rather on the broader implications of a prosecution under § 924(l). (D.N. 39, PageID # 96–97) He asserts that there are "difficulties" with prosecuting violations of this statute because the term "steals" is left undefined. (*Id.*, PageID # 96) This argument is not persuasive. While the Supreme Court has recognized that "stolen" or "stealing" has no common law meaning, it has also recognized that the term can be understood within the context of a given statute. *See United States v. Turley*, 352 U.S. 407, 412 (1957) ("[W]e should give 'stolen' the meaning consistent with the context in which it appears."). Given the context of § 924 and Chapter 44 overall, the term "steals" in § 924(l) is not so ambiguous as to leave the Court "simply guess[ing]" what Congress could have intended this section to prohibit. *Morales*, 687 F.3d at 701.

Foster also contends that reading § 924(l) to contain a substantive offense would give rise to federalism concerns. (D.N. 39, PageID # 96) He asserts that "[s]imple theft by unlawful taking of a single item from an individual" quintessentially represents "a matter of state law." (D.N. 39, PageID # 96) In Foster's view, charging § 924(l) alone infringes on a state's ability to manage its own affairs, but "adding a penalty for [stealing a firearm] . . . in conjunction with an established federal crime does not raise such issues." (*Id.*)

6

The Court remains cognizant of the Supreme Court's charge in *United States v. Lopez* that the Commerce Clause not be read so broadly as to destroy any "distinction between what is truly national and what is truly local." 514 U.S. 549, 557 (1995). With that goal in mind, the Court observes that § 924(l) contains the interstate-commerce nexus that was lacking in *Lopez*: it requires the firearm to be "moving as, or . . . a part of," or to have "moved in" interstate commerce. *Cf. id.* at 560 ("[Section] 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce."). The Court is therefore confident that § 924(l) does not present an instance of federal overreach.

## IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Foster's motion to dismiss (D.N. 36) is **DENIED**.

(2) This matter is set for trial by jury on **December 11, 2018, at 9:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. Counsel shall be present in court at 9:00 a.m.

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from November 21, 2018 to December 11, 2018 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant and counsel for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being

7

granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

(4)     This matter is set for a final pretrial conference on **December 10, 2018, at 3:00 p.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

November 21, 2018

cc:     Jury Administrator

**David J. Hale, Judge**
**United States District Court**